**Antonio LEAL, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

No. 23670.

United States Court of Appeals
Fifth Circuit.

May 25, 1967.

---

3. Where adverse possession is under color of title seven years holding can secure a fee. N.C.Gen.Stat. § 1–38; see footnote 2, supra.

Clyde W. Woody, Houston, Tex., for appellant.

Gilbert J. Pena, Asst. Atty. Gen., Austin, Tex., Waggoner Carr, Atty. Gen.

of Texas, Hawthorne Phillips, First Asst. Atty. Gen., T. B. Wright, Executive Asst. Atty. Gen., Howard M. Fender, Asst. Atty. Gen., Austin, Tex., for appellee.

Before WISDOM, COLEMAN and GODBOLD, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the District Court denying Antonio Leal's petition for writ of habeas corpus.

Leal was convicted in Texas state court in 1958 for unlawful possession of marijuana. On appeal the Texas Court of Criminal Appeals affirmed. Leal v. State, 169 Tex.Cr. 222, 332 S.W.2d 729 (Ct.Crim.App., 1959).

The search of Leal which disclosed marijuana in his possession was made after an arrest without warrant. Mapp v. Ohio, 376 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1960), requiring exclusion by state courts of evidence obtained in violation of Fourth Amendment standards, is not retroactive, hence has no application to this case. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed. 2d 601 (1965). Appellant argues, however, that because Texas since 1925 has required by statute the exclusion of evidence obtained "in violation of any provisions of the Constitution or laws of the United States or of this State",[1] the federal courts may determine whether the seizure of the marijuana was in violation of the Constitution of the United States and, if it is found so seized, order the writ of habeas corpus issued. But this Court recently has ruled that petitioners held in Texas custody pursuant to pre-Mapp convictions resting on evidence seized under circumstances federal courts would regard as violations of the United States Constitution are not held "in custody in violation of the Constitution * * * of the United States" within the meaning of the habeas corpus statute[2] and therefore cannot avail themselves of the habeas corpus remedy.

---

1. Art. 727a, Vernon's Ann.C.C.P., now Art. 38.23, Texas Code of Criminal Procedure, 1966.

2. 28 U.S.C.A. § 2241.

Flores v. Beto, 374 F.2d 225 (5th Cir., 1967).

Thus, even if we should conclude that the evidence introduced at appellant's 1958 trial was seized in violation of the Fourth Amendment, appellant would not be entitled to release. Nevertheless, we have examined the record and fully considered the contentions of the parties, and we hold that the search in this case in fact did comply with federal standards.

The introduction of a prior conviction on the issue of enhancement of punishment constitutes no ground for relief. Spencer v. State of Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).

Affirmed.