Fred HAYES, Petitioner,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent.

No. 1461.

United States District Court
N. D. Florida,
Tallahassee Division.

July 7, 1969.

Fred Hayes, in pro. per.

Earl Faircloth, Atty. Gen. of Fla., Raymond L. Marky, Asst. Atty. Gen., Tallahassee, Fla., for respondent.

### ORDER DENYING WRIT OF HABEAS CORPUS

CARSWELL, Circuit Judge.*

This cause comes before the Court upon petition for writ of habeas corpus, supplemental response to rule to show cause filed by the Attorney General of the State of Florida and petitioner's rebuttal. Petitioner has complied with the Rules of this Court and is entitled to proceed in forma pauperis pursuant to this Court's order of December 18, 1968.

Petitioner raises several allegations relating to his sentence of November 30, 1942 for the crime of murder in the second degree.

Because no appeal was taken by petitioner from his judgment and sentence, no transcript of the trial proceeding was made. Furthermore, the official court reporter has since died and there is no way to obtain a transcript of said proceedings at this time. However, certified copies of the minute entries from the Circuit Court in and for Jackson County, Florida and the documents appearing in the case file of State of Florida v. Fred Hayes are on file in this court as exhibits.

* Sitting by designation as United States District Judge for the Northern District of Florida.

The first of petitioner's many allegations involve an alleged illegal search and seizure without a warrant. Petitioner's own account of the events of his arrest and the search of his house following the killing of Clarence Godwin shows that the search was incident to and contemporaneous with a lawful arrest. Florida law permits a lawful arrest without a warrant and upon probable cause in felony cases. § 901.15(2), Florida Statutes (1967), F.S.A. Assuming, arguendo, that the search of petitioner's house contravened Fourth Amendment standards, Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1960) which requires exclusion by state courts of evidence obtained in violation to Fourth Amendment standards, is not retroactive. Leal v. Beto, 378 F.2d 8 (5th Cir. 1967).

Petitioner alleges that he was denied counsel at his arrest and subsequent interrogation. To the extent that he was not warned of his rights it need only be stated that at the time of his arrest, 1942, such warning was not required. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

Petitioner alleges that because he was indicted for second degree murder there was a lack of probable cause for his arrest for murder in the first degree. As pointed out above petitioner's own account of the facts of the killing establish probable cause for his arrest on first degree murder charges. An allegation by a State prisoner that he was arrested without a warrant fails to state grounds for the issuance of the writ of habeas corpus absent a showing or allegation that such arrest deprived him of a fair trial. United States ex rel. Fletcher v. Wainwright, 269 F.Supp. 276 (S.D.Fla.1967).

According to the petitioner, the "evidence" of self defense which he, the *petitioner*, related to the Sheriff and others was never disclosed during trial by the State and he was denied the right to prove his story by bringing witnesses into court. The records and exhibits on file disclose that the witnesses petitioner refers to were in court under subpoena at the time of his trial. These people were available to testify either for the State or for petitioner. Furthermore, all information alleged was within petitioner's knowledge and thus available for his defense. The allegations and facts of petitioner's case simply do not present a "suppression of evidence" question as contemplated by Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Petitioner alleges that his defense counsel who was retained by petitioner's relatives was incompetent, tried to make him plead guilty and that counsel's capabilities in the criminal law " *   *   * turned out to be nill! *   *   *" (sic). These allegations amount to nothing more than conclusions which fail to state grounds for relief. Williams v. Beto, 354 F.2d 698 (1966). Petitioner's defense counsel, Benjamin L. Solomon, of Marianna, Florida, died in 1963. In memoralizing Mr. Solomon the Jackson County Bar Association noted that he " *   *   * was a thorough and skillful lawyer and always a vigorous advocate of the cause of the client he represented. He was one of the outstanding trial lawyers of the Marianna and Fourteenth Judicial Circuit bars *   *   *." In light of this tribute to Mr. Solomon by his peers little credence can be given to the petitioner's conclusionary allegations. In the second place as petitioner himself admits he had an attorney of his own choosing. In such a case any shortcoming of counsel cannot be attributed to the State. See Hudspeth v. McDonald, 120 F.2d 962 (10th Cir.1941), cert. den. 314 U.S. 617, 62 S.Ct. 110, 86 L.Ed. 496 (1941); Howard v. Beto, 375 F.2d 441 (5th Cir. 1967). Failings of retained counsel must be imputed to the defendant and not to the State, and such failings do not constitute a denial of due process which would authorize federal habeas corpus relief.

Petitioner claims that Negroes were systematically excluded from

serving on grand juries. Petitioner alleges no facts to support his allegation nor does he show that a challenge was made to the composition of the grand jury that indicted him. Petitioner recognizes that there were Negroes qualified by local authorities to serve on juries and his real complaint is that they were not proportional to the number of Negroes residing in the circuit. The minutes of the Circuit Court, on file in this court, reflect that the grand jury was called from the voter registration list " * * * in open court. * * *" Petitioner's allegations and the facts simply do not show that there was a systematic exclusion of Negroes. The use of voter registration lists, absent such showing of exclusion, is not illegal per se. See Chance v. United States, 322 F. 2d 201 (5th Cir.1963).

In any event, petitioner having failed to raise an attack upon the grand jury's composition at the time of his trial cannot now raise the issue. Perez v. United States, 303 F.2d 441 (5th Cir. 1962); Jackson v. United States, 394 F. 2d 114, 115 (5th Cir.1968).

Petitioner alleges that a "confession" was extracted from him by coercion which was not used at his trial. An examination of the certified file of the case of State of Florida v. Fred Hayes in the Circuit Court of Jackson County, Florida failed to reveal the existence of a confession or any other statement taken from the petitioner. Furthermore, as pointed out by respondent, petitioner's own allegations are inconsistent. Petitioner alleges that the State never disclosed petitioner's story in court and yet in this point he claims that the Sheriff took his statement and introduced it into evidence.

In this case the prosecution, defense counsel and trial judge are dead. All available evidence of the trial, including petitioner's allegations, are before this Court. This, together with the fact that petitioner waited for more than twenty-five years to raise these questions, is relevant to their merits. See Tyler v. Beto, 391 F.2d 993 (5th Cir.1968). After a thorough review of all available evidence, this Court having found no evidence of the existence of any confession can give no credit whatsoever to petitioner's allegations.

Petitioner's final allegation is that he was refused the opportunity to present his claim of self defense. To the extent that petitioner alleges that his plea of self defense was simply ignored by the police, the defense counsel, the prosecutor and the court such allegations go solely to the sufficiency of the evidence which is not subject to review by way of writ of habeas corpus. Fulford v. Dutton, 380 F.2d 16 (5th Cir. 1967).

Insofar as the claim of denial of the right to present his self defense case goes, petitioner has failed to allege facts which would support the allegation. As pointed out above the only available records show that the witnesses upon whom petitioner would have relied were in court and available to testify. This Court cannot and will not presume, for the purpose of habeas corpus relief, that a State court would prevent the assertion of any competent defense.

Florida follows the substantive rule " * * * that one may not provoke a difficulty and having done so act under the necessity produced by the difficulty, then kill his adversary and justify the homicide under the plea of self defense * * *" Mixon v. State, 59 So.2d 38 (Fla.1952). Under petitioner's own version of the facts he and the deceased had an argument at a card game, the petitioner went home and got his gun. Thereafter he sought out the deceased, another argument ensued and petitioner killed Godwin. Petitioner alleges that Godwin attacked him with a knife. Thus, even assuming that the Court absolutely refused to hear the self defense plea, no error was committed under the substantive law as announced in Mixon v. State, supra.

It is, therefore, upon consideration, hereby

Ordered:

Petition for writ of habeas corpus is denied.