### Nicholas CAPPETTA, Petitioner-Appellant,

v.

### Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.

### No. 29628
### Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 5, 1970.

---

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

Nicholas Cappetta, pro se.

Earl Faircloth, Atty. Gen., Tallahassee, Fla., Jesse J. McCrary, Jr., Miami, Fla., for respondent-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's denial of habeas corpus relief to Nicholas Cappetta. We AFFIRM the order appealed from, for the reasons stated in that order, which is appended to this opinion.

Affirmed.

APPENDIX

United States District Court
Southern District of Florida

No. 68–315–Civ–TC

Nicholas Cappetta,
Petitioner,

v.

Louie L. Wainwright, Director, Division of Corrections, State of Florida,
Respondent.

ORDER

The petition for writ of habeas corpus filed in this cause by Nicholas Cappetta, a state prisoner, attacked a five year judgment and sentence imposed by the Criminal Court of Record, Dade County, Florida. At the time of filing petitioner had served the aforesaid sentence and was serving a sentence on another charge imposed by the Criminal Court of Record, Hillsborough County, Florida. The Hillsborough sentence, imposed earlier, commenced upon the expiration of the Dade County sentence on December 8, 1967.

The response filed in this cause clearly indicated that petitioner was attacking a sentence which had already been served. Consequently this court held that it lacked jurisdiction under the federal habeas corpus statute inasmuch as the petition herein was not filed while petitioner was in custody under the sentence being attacked. A certificate of

probable cause was granted and an appeal was taken.

Petitioner's position is and has been that his Hillsborough sentence would date back to its original imposition in the event the Dade County sentence is set aside. He urges that he would be entitled to full credit on the Hillsborough sentence for the time served on the Dade sentence, with the result of immediate release. Petitioner's position apparently is that this result follows because of some Florida law allowing credit under the circumstances or because of the wording of the Hillsborough sentence.

The Fifth Circuit held that this court has jurisdiction under the Federal Habeas Corpus Statute, 28 U.S.C. § 2241, to consider petitioner's claim that his prior sentence is so connected to his present sentence as to sustain this court's jurisdiction on the merits of his petition. Cappetta v. Wainwright, 5 Cir. 1969, 406 F.2d 1238. The respondent has now conceded this court's jurisdiction on the merits. Helton v. Mayo, 1943, 153 Fla. 616, 15 So.2d 417.

Petitioner has asserted six grounds upon which he contends he is entitled to relief: (1) that he was twice put in jeopardy for the same offense; (2) that he was denied adequate confrontation of witnesses, (3) that he was denied adequate time to prepare for trial, (4) that he was not formally indicted by a grand jury, (5) that the trial court did not have lawful jurisdiction, and (6) that petitioner was denied fair appellate review from a post-conviction application.

Petitioner has asserted that he was twice placed in jeopardy for the same offense, "breaking and entering and grand larceny." The Florida Supreme Court has once considered petitioner's claim that he was tried on October 2, 1962, in Cases 62–4781 and 62–5350, the latter being in issue here, and acquitted on both charges. The court held that the state's exhibits disproved petitioner's allegation of double jeopardy. Cappetta v. Wainwright, Fla.1967, 203 So. 2d 609. In addition to fully crediting that finding, the exhibits before this court also establish that petitioner was not acquitted on October 2, 1965, of the charges contained in Case 62–5350.

Petitioner's claim that he was denied adequate confrontation of state witnesses is without merit. Petitioner alleges that he was denied this right because counsel, who was obtained only the day before, and who was not fully aware of the facts and details of the case, was not able to adequately cross-examine a chief prosecution witness.

The record reflects, however, that petitioner's counsel did a creditable job of examining an important witness—an occupant of the burgled home who following the robbery identified petitioner at a lineup. Additionally, counsel could have, had he thought his original examination and cross-examination inadequate, recalled the witness at a later date for further inquiry. His failure to do so must be credited, given the nature of the original testimony, as an intelligent trial decision. Petitioner was not denied adequate confrontation of witnesses, and his equal protection claim is likewise without merit.

■ The records before the court indicate that petitioner was not denied adequate time to prepare for trial. It is apparently petitioner's claim that this is evidenced by counsel's alleged ineffectiveness. The trial transcript reflects that petitioner was represented by Mr. Vernell, not by Mr. Moriber, and that while somewhat unfamiliar with the facts, Mr. Vernell did adequately represent petitioner. In this regard, the standard to be observed is not whether petitioner would have fared better if his counsel had been more experienced, knowledgeable, or aggressive, but rather whether the record establishes that he lacked the minimum standards of competence necessary to satisfy petitioner's constitutional right to counsel. Bruce v. United States, 1967, 126 U.S.App.D.C. 336, 379 F.2d 113. The record does not indicate that counsel's alleged ineffectiveness reduced the proceedings to a farce and mockery of justice. United

States v. Wight, 2 Cir. 1949, 176 F.2d 376; Brubaker v. Dickson, 9 Cir. 1962, 310 F.2d 30. Rather, it appears from a reading of the record that despite the short time for preparation counsel for the defense rendered reasonably effective assistance under the circumstances.

Additionally, it should be noted that, as the Supreme Court of Florida in Cappetta v. Wainwright, *supra*, indicated, it is the nature of the representation that is in issue and the fact that counsel was not retained until the day before trial will not create a prima facie case of inadequate representation. Finally, it should be noted that only two of the thirteen witnesses who testified were heard on the first day of the trial, after which the proceedings were held over for one week, during which time counsel and client had time to prepare for the remainder of the trial. Petitioner's claim is without merit.

■ Petitioner has alleged that he was denied equal protection of the law and due process of law because he was not formally indicted by a grand jury for the offense charged in the information. The allegation fails to state grounds for relief by federal habeas corpus because there is no federal constitutional right to be tried upon a grand jury indictment for a state offense. Hurtado v. California, 1884, 110 U.S. 516, 526, 4 S.Ct. 111, 28 L.Ed. 232. In fact, there is no federal constitutional impediment to dispensing entirely with the grand jury in state prosecutions. Beck v. Washington, 1962, 369 U.S. 541, 82 S.Ct. 955, 8 L.Ed.2d 98. Accordingly, the petitioner is not entitled to relief upon this ground.

■ In a like manner petitioner alleges that the trial court lacked jurisdiction over his cause because of the state's failure to follow certain procedures outlined in the state's criminal code, including the arresting officer's failure to take the person arrested directly without unnecessary delay to the magistrate who issued the arrest warrant. However, the consequences of the failure of state authorities to follow a statute such as the one above, *See* Fla. Statutes 901.06, 901.23, and 902.18, F.S.A., are matters of state law and do not present federal constitutional violations. Hancock v. Nelson, 1 Cir. 1966, 363 F.2d 249. Moreover, the jurisdiction of the state's criminal court is not dependent upon the state's law enforcement personnel abiding by the rules of criminal procedure.

Finally, petitioner's allegation that he was denied fair appellate review from the denial of his motion to vacate is without merit. The record before the court indicates that the state failed to notify the petitioner until after his appeal time had elapsed that his second motion for relief was denied. Petitioner then filed a writ of habeas corpus with the Supreme Court of Florida alleging that the above mentioned procedure denied him his constitutional right to appellate review. The Supreme Court agreed with petitioner and then proceeded to consider the motion and, finding it to be without merit, Cappetta v. Wainwright, *supra*, denied him relief. Petitioner now asserts that the procedure employed by the Florida Supreme Court denied him his right to fair appellate review. This contention is without merit as the procedure employed by the Florida Supreme Court not only enabled petitioner to obtain the fair review previously denied him by the trial court, but it was consistent with the nature of the remedy chosen by petitioner.

Accordingly, it is ordered and adjudged that the petition for writ of habeas corpus filed by Nicholas Cappetta be and the same is hereby denied.

Done and ordered at Miami, Florida, this 4th day of February, 1970.

TED CABOT

United States District Judge