William **FOXWORTH**, Petitioner,

v.

Louie L. **WAINWRIGHT**, Director, Adult Division of Corrections, State of Florida, Respondent.

Civ. A. No. 1647.

United States District Court,
N. D. Florida,
Tallahassee Division.

Nov. 19, 1970.

2. S.Rep.No.744 to H.R. 12080, appearing in 2 U.S.Code Cong. & Admin.News, 90th Cong. 2d Sess. pp. 2834, 2882 (1967).

William Foxworth, pro se.

Raymond L. Marky, Asst. Atty. Gen., State of Florida, Tallahassee, Fla., for defendant.

## ORDER

MIDDLEBROOKS, District Judge.

This cause is before this Court upon response of respondent filed pursuant to order to show cause of date September 22, 1970. Petitioner has alleged several grounds for habeas corpus relief and tersely stated they may be listed as follows:

a. Failure to have representation of counsel at arraignment;

b. Systematic exclusion of negroes from the grand and petit juries of Jackson County, Florida;

c. Deprivation of right to have effective assistance of court-appointed counsel;

d. Introduction into evidence at trial of an illegally obtained confession from petitioner;

e. Denial of due process of law in that the trial lacked the "essential ingredients of fairness."

Taking these grounds as they appear above, this Court has considered the argument of both parties as related to each issue, and accordingly, it will make disposition of same as they were presented.

## I

Initially, this Court is concerned with petitioner's assertion that he lacked effective assistance of counsel at arraignment. On page 6 of his petition he phrases the allegation as follows:

"(c) The petitioner was not represented by counsel upon his arraignment, contrary to his Fourteenth Amendment right to procedural due process as and because in the capital case of petitioner the arraignment was a critical stage; * * *."

Only recently the Court of Appeals for the Fifth Circuit had occasion to consider this issue in light of new pronouncements delivered by the Supreme Court of the United States. The Court said:

"Lack of counsel per se is not sufficient cause to grant habeas corpus relief. It must further be determined that lack of counsel occurred at a 'critical stage'. Whether a preliminary proceeding constitutes a critical stage depends upon the determination of 'whether potential substantial prejudice to defendant's rights inheres in the particular confrontation and the ability of counsel to help avoid that prejudice'. Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970)." United States ex rel. Charbonnet v. Heyd, 432 F.2d 91, p. 93, 5th Cir. 1970.

■ Under Florida criminal procedure, there can be little doubt that an arraignment is a critical stage of a criminal proceeding. Sardinia v. State, 168 So.2d 674 (Fla.1964); Harris v. Wainwright, 406 F.2d 1 (5th Cir. 1969); Stanley v. Wainwright, 406 F.2d 8 (5th Cir. 1969). However, contrary to the allegations contained in the petition for relief and in the reply to the response, counsel had in fact been appointed to represent petitioner before the arraignment proceeding was held on November 22, 1944, and when petitioner entered his plea he did so with the benefit of counsel and in the presence of his counsel. See pp. 3 and 4 of Respondent's Exhibit "D", wherein it is recorded:

"On this day came the State Attorney and the defendants in person, and by counsel, into open Court and the defendants were duly arraigned and each entered a plea of not guilty to the charge of the indictment filed herein."

■ The contents of this record then are entitled to great weight and in the absence of some allegation and showing that the above quoted recitations are fraudulent or incorrect, this Court will treat them as adequately representing a part of the factual setting made the basis of this habeas corpus proceeding. Thomas v. Hunter, 153 F.2d 834 (10th Cir. 1946); Baker v. Ellis, 204 F.2d 353 (5th Cir. 1953).

In this posture the case sub judice is unlike the *Harris* and *Stanley* cases, supra. Those cases were concerned with the non-appointment and absence of counsel at the arraignment proceeding and the inquiry which should have been conducted by the Federal Court to determine if prejudice of constitutional dimension had been wrought by the absence of appointed counsel at that proceeding. Inasmuch as counsel had in fact been appointed and was present when petitioner entered his plea, inquiry is limited only to a determination of that fact by this Court and need not go further. Therefore, in light of the record before this Court, it affirmatively appears that the first ground for relief asserted by petitioner is without merit.

## II

The second allegation presented in the petition for writ of habeas corpus has been drawn as follows:

"(b) The Petitioner was denied procedural due process contrary to the Fourteenth Amendment right thereto in that the Grand Jury which indicted him and the petit jury which tried him were composed of white citizens, and negroes were systematically excluded therefrom;"

In many respects this case is not unlike Hayes v. Wainwright, 302 F.Supp. 716 (N.D.Fla.1969), wherein the same

allegation was made and that issue raised in the habeas corpus proceeding. In that case the petitioner Hayes was tried and convicted in 1942 of a capital offense in the Circuit Court of Jackson County, Florida, just as was this petitioner. Focusing its attention to that issue the Court declared:

> "Petitioner claims that Negroes were systematically excluded from serving on grand juries. Petitioner alleges no facts to support his allegation nor does he show that a challenge was made to the composition of the grand jury that indicted him. Petitioner recognizes that there were Negroes qualified by local authorities to serve on juries and his real complaint is that they were not proportional to the number of Negroes residing in the circuit. The minutes of the Circuit Court, on file in this court, reflect that the grand jury was called from the voter registration list ' * * * in open court. * * *' Petitioner's allegations and the facts simply do not show that there was a systematic exclusion of Negroes. The use of voter registration lists, absent such showing of exclusion, is not illegal per se. See Chance v. United States, 322 F.2d 201 (5th Cir. 1963)." *Ibid.* at 718–719.

■ Taking notice of the fact that there was not systematic exclusion of negroes from jury panels practiced in the Jackson County, Florida Circuit Court in 1942, it hardly seems likely that exclusion would have occurred in 1944. More importantly, however, is the fact that the petition contains only the bare allegation that negroes were systematically excluded from the jury panel as a matter of common practice in Jackson County, Florida. Such is not the case as this Court has so found in *Hayes*, supra. Finally, it has been uniformly held in this Circuit that one may not collaterally attack the composition of the grand and petit juries without first having objected to same at the time of trial. Hayes v. Wainwright, supra; Perez v. United States, 303 F.2d 441 (5th Cir. 1962); Bustillo v. United States, 421 F.2d 131 (5th Cir. 1970). The record of the trial proceedings affirmatively discloses that no objections were ever voiced as to the composition of the grand and petit juries and that, therefore, under the law collateral attack would not be the proper remedy here. Thus, this ground is also without merit.

### III

The next ground for relief asserted by petitioner concerns the ineffective assistance of counsel rendered at trial. As framed by petitioner, the allegation reads thusly:

> "Has a litigant charged with a capital offense been denied effective assistance of counsel and consequent due process of law where his court-appointed attorney represented not only the litigant but two of his co-defendants jointly and simultaneously upon trial, and where his court-appointed attorney conferred with the litigant for not more than minutes between appointment and trial, and where such counsel failed to confer with the litigant in private, failed to determine whether the litigant had witnesses in his behalf, failed to investigate the law and the facts of the case, failed to file pre-trial motions to test the sufficiency of the indictment or other motions as authorized by existent rules of pleading, failed to listen to the story of the litigant and failed to be faithful to the litigant?"

As gathered from the petition, it appears that the issue raised here is two-fold: failure of the Court to sever the petitioner from the other defendants and give him his own counsel and the ineffective assistance of court-appointed counsel.

■ The mere representation of co-defendants by single court-appointed counsel is not per se a constitutional violation of such dimension as would warrant habeas corpus relief and such practice has been widely accepted in this Circuit and recognized as necessary economy of legal resources. Generally, ap-

plication for a severance is a matter the granting of which rests within the discretion of the trial court and it must be affirmatively shown that prejudice to petitioner resulted from the failure to grant a severance. Petitioner has provided no showing to this Court that he was prejudiced in being jointly tried with his other co-defendants and having read the transcript on file, this Court finds no prejudice.

The weightier side of petitioner's argument relates to the allegedly ineffective representation rendered to petitioner by his court-appointed counsel. Petitioner alleges he conferred with his counsel for only a brief interval, that counsel was remiss in his pre-trial duties and that he "failed to listen to the story of the litigant."

Cases in this Circuit challenging the ineffective assistance of counsel are rapidly becoming legion. Following is the gauge by which this Circuit measures the claimed constitutional infraction:

"The generally accepted standard by which to determine whether a defendant has been denied effective assistance of counsel has been set out in Brown v. Beto, 5 Cir., 1967, 377 F.2d 950, 957–958:

'The actual standard of incompetency applied by the overwhelming majority of courts is stated as follows: Incompetency of counsel such as a denial of due process and effective representation of counsel must be such as to make the trial a farce, sham, or a mockery of justice.' * * This court has defined 'effective counsel' in terms of a 'reasonable counsel' standard: 'We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance.' MacKenna v. Ellis, 5 Cir., 1960, 280 F.2d 592." King v. Beto, 429 F.2d 221, p. 225, 5th Cir., 1970. See also

Odom v. United States, 377 F.2d 853 (5th Cir. 1967).

Even more recently this standard has been explained as follows:

" * * * In this regard, the standard to be observed is not whether petitioner would have fared better if his counsel had been more experienced, knowledgeable, or aggressive, but rather whether the record establishes that he lacked the minimum standards of competence necessary to satisfy petitioner's constitutional right to counsel. Bruce v. United States, 1967, 126 U.S. App.D.C. 336, 379 F.2d 113. The record does not indicate that counsel's alleged ineffectiveness reduced the proceedings to a farce and mockery of justice. * * * Rather, it appears from a reading of the record that despite the short time for preparation counsel for the defense rendered reasonably effective assistance under the circumstances." Cappetta v. Wainwright, 433 F.2d 1027, p. 1029, 5th Cir., 1970.

█ █ Having studied the transcript and having measured the performance of petitioner's counsel in light of the standard as set forth above, this Court finds and concludes that counsel "rendered reasonably effective assistance"; that the legal services accorded petitioner were not so poor that he did not have the opportunity to present his side of the story; and that counsel's representation of petitioner did not render the trial a "farce or a sham." Parenthetically it might be added that "the time which counsel spends with an accused is merely one factor to be weighed in evaluating the effectiveness of representation." O'Neal v. Smith, 431 F.2d 646, p. 648, 5th Cir., 1970. *Cappetta,* supra. In this regard this Court finds that petitioner was not denied the effective assistance of counsel and concludes that this allegation is without merit.

## IV

█ Petitioner further alleges that he was denied procedural due process when

an allegedly coerced extrajudicial confession was admitted into evidence at trial. Assuming arguendo that such a confession was indeed made, there is not one scintilla of evidence of such confession in the transcript of testimony (Respondent's Exhibit "D"), and having carefully studied the record, this Court affirmatively concludes that any such confession was not used at trial against this petitioner. This being true, there has been no federal constitutional violation shown and accordingly petitioner would not be entitled to relief. See Hayes v. Wainwright, supra.

## V

The final allegation challenges the arraignment and trial proceedings in their entirety and the assertion is made that in considering the totality of the circumstances, petitioner was denied the "essential ingredients of fairness" and deprived of due process of law.

█ Having given much study to the record and the challenges made against the state proceedings, this Court finds that there were no violations of petitioner's right to due process of law and concludes that the petition should stand denied. Petitioner was afforded able counsel and his court-appointed attorney was one of the most revered members of the Bar of the Fourteenth Judicial Circuit of Florida. See Hayes v. Wainwright, supra. The evidence at trial against this petitioner and his co-defendants was weighty since the commission of the crime had been performed in the presence of eye-witnesses who testified against the petitioner and his confederates. Contrary to allegations framed by petitioner, counsel did not sit mute and inattentive during the course of the trial but rather examined and cross-examined witnesses with the professional acumen befitting an able trial lawyer. In addition, when the rules of evidence were violated counsel voiced timely objections to questions asked and the record discloses that the majority of these objections were sustained. Consequently, when one considers the totality of the circumstances as petitioner urges, it is seen that petitioner was not denied the "essential ingredients of fairness" or deprived of any basic constitutional rights.

Therefore, upon consideration, it is

Ordered:

█ The petition for writ of habeas corpus is hereby denied.

█ The Clerk of this Court is directed to mail certified true copies of this order to all parties of record.