Robert Lee ADAMS, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.

No. 71–1124

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 14, 1971.

Certiorari Denied Oct. 12, 1971.
See 92 S.Ct. 160.

---

[1] * Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Robert L. Adams, pro se.

Raymond L. Marky, Asst. Atty Gen., Robert L. Shevin, Atty. Gen., Tallahassee, Fla., for respondent-appellee.

Before BROWN, Chief Judge, INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Appellant appeals from the denial of a petition for writ of habeas corpus [1] alleging two judgments and sentences imposed by the Court of Record in and for Escambia County, Florida, are invalid because the state authorities failed to notify his parents or guardians as required by Section 932.38, Florida Statutes, F.S.A.[2] We affirm.

Represented by court appointed counsel, appellant was convicted upon his plea of nolo contendere to charges of breaking and entering and grand larceny. He was sentenced on August 6, 1968, to 10 years imprisonment. On September 3, 1968, represented by another court appointed counsel, appellant was convicted upon a trial by jury of aggravated assault and was sentenced to a consecutive term of 5 years imprisonment. No direct appeals were taken. At the time of his trials appellant was a minor. His exact age is not reflected by the record except that it is clear that he was not a child of tender years.

In his petition below applicant alleged that the state failed to comply with the Florida Statutes, Section 932.38, F.S.A. which requires that notice be given to the parents or guardians of minors charged with felonies. The district court denied relief without an evidentiary hearing, holding that there was no federal constitutional question involved.

■ The court minutes reflect that as to the breaking and entering and grand larceny charges appellant's aunt was selected by appellant to be notified, such notification was given and she was

---

1. Filed pursuant to 28 U.S.C. § 2241 et seq. Petitioner has exhausted his state remedies.

2. Florida Statutes, § 932.38, F.S.A. "When any minor, not married, may be charged with any offense and brought before any of the courts, including municipal courts, of this state, due notice of such charge prior to the trial thereof shall be given to the parents or guardian of such minor, provided the name and address of such parent or guardian may be known to the court, or to the executive officers thereof. In the event that the name of such parent or guardian is not known or made known to the court or executive officer or cannot be reasonably ascertained by him, then such notice shall be given to any other relative or friend whom such minor may designate.

"The service of notice required by this section to be given to the parent, or guardian or other person provided herein may be made as the service of summons ad respondendum is made; or in the event such parent, or guardian or other person provided herein may be beyond the jurisdiction of the court, then, and in that event, service may be made by registered mail, or by telegram, and return of such service shall be made by the executive officer of the court in the same manner as returns are made upon summons ad respondendum."

**834**

in fact present in the courtroom during the state court proceedings. Prior to the arraignment on the aggravated assault information, notice was sent to the petitioner's mother in care of his aunt. This established substantial compliance with Florida Statutes, Section 932.38, F.S.A. Johnson v. Cochran, 124 So.2d 488 (Fla.1960).

The United States District Court, in both the Southern and Middle Districts of Florida, have held that noncompliance with this statute violates no federally protected right. Capers v. Wainwright, No. 68–358–Civ.JE (S.D.Fla.1968); Mitchell v. Wainwright, No. 68–367–Civ.J. (M.D.Fla.1968). In Cappetta v. Wainwright, 433 F.2d 1027, 1030 (5th Cir. 1970), this court affirmed the denial of a habeas corpus petition, wherein the district court stated:

"* * * In a like manner petitioner alleges that the trial court lacked jurisdiction over his cause because of the state's failure to follow certain procedures outlined in the state's criminal code, including the arresting officer's failure to take the person arrested directly without unnecessary delay to the magistrate who issued the arrest warrant. However, the consequences of the failure of state authorities to follow a statute such as the one above, See Fla.Statutes 901.06, 901.23 and 902.18, F.S.A., are matters of state law and do not present federal constitutional violations. Hancock v. Nelson, 1 Cir. 1966, 363 F.2d 249. * * *" ...."

■ Although no case has been cited which holds that due process requires a minor's parents or guardians to be notified prior to the commencement of a criminal proceeding, we need not reach that point. Notification to the appellant's aunt, selected by him for receipt of said notice and to his mother in care of his aunt, satisfies the constitutional requirement of due process and substantially protects a minor child of appellant's age.

Affirmed.