347 So.2d 445 (1977)
Luis VILLAGELIU, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-764.
District Court of Appeal of Florida, Third District.
June 14, 1977.
*446 Angelo A. Ali and Mark R. Baer, Miami, for appellant.
Robert L. Shevin, Atty. Gen., Joel D. Rosenblatt, Asst. Atty. Gen., and Lonworth Butler, Jr., Legal Intern, for appellee.
Before HENDRY, C.J., and PEARSON and HUBBART, JJ.
PER CURIAM.
Luis Villageliu was charged with murder in the first degree in the death of Jerry Hildeman and with assault with intent to commit murder in the first degree upon Jack Esposito, Jr. He was tried before a jury and found guilty of murder in the second degree and aggravated battery. He has appealed the judgment and sentence and presents as his points on appeal: (1) that the evidence is insufficient to support the judgment; (2) that the court unlawfully limited his cross-examination of the State's witness, Esposito; (3) that a comment of the trial judge prejudiced his defense; (4) that the court erred in failing to consider his motion for acquittal; and (5) that the court erred in giving an instruction upon *447 the evidentiary value of flight of the defendant from the scene. We have reviewed the record and argument after a consideration of the briefs.
The first point directed to the sufficiency of the evidence is met by the fact that the record shows beyond a reasonable doubt that after an altercation with the two victims, the defendant went to his car and returned with a baseball bat with which he beat one unarmed victim to death and injured the other. Under these facts, the defendant cannot successfully maintain his claim that self-defense appeared as a matter of law. See the rule in Mixon v. State, 59 So.2d 38 (Fla. 1952); and Hayes v. Wainwright, 302 F. Supp. 716 (N.D.Fla. 1969).
The second point, which claims that defendant was unreasonably restricted in his cross-examination of the victim Esposito, who was a witness for the State, is not supported by the record. The defendant urges that he should have been allowed to cross-examine the witness further concerning a pending charge for the possession of marijuana. The existence of the charge and the fact that the prosecutor in the present case was committed to a promise to reveal to the trial court in another (marijuana possession) case the fact that the witness had cooperated with the State in the prosecution of the present case was all made known to the jury. Appellant's point that he should have been permitted to go further into the facts regarding the amount of marijuana involved is rendered moot because the defendant was allowed to introduce into evidence the entire file in the Esposito prosecution.
The third point is without merit because it clearly appears that the comment of the trial judge which was made out of the presence of the jury was not prejudicial to the defendant and could not, except with the aid of a most vivid imagination, be said to have intimidated anyone. Judicial comments during a trial must be carefully scrutinized for their possible effect on the jury or a witness. See the rule in Parise v. State, 320 So.2d 444 (Fla. 3d DCA 1975). Where it appears, as it does here, that the comment could not have prejudiced the defendant's trial in any way, the comment will not be sufficient to require a new trial.[1] Cf. Lister v. State, 226 So.2d 238 (Fla. 4th DCA 1969).
The trial judge properly refused to rule upon defendant's motion for a judgment of acquittal made after the defendant had introduced evidence in his own behalf. See Fla.R.Crim.P. 3.380. Even if properly made, a denial of the motion was called for by the fact that the State had presented a case for the jury. Garmise v. State, 311 So.2d 747 (Fla. 3d DCA 1975).
Lastly, the instruction on flight was proper upon evidence that the defendant ran from the scene of the crimes and only the next day surrendered himself to the police. See Mackiewicz v. State, 114 So.2d 684 (Fla. 1959); Proffitt v. State, 315 So.2d 461 (Fla. 1975); and Williams v. State, 268 So.2d 566 (Fla. 3d DCA 1972).
Affirmed.
NOTES
[1] The defense called Pierre DeBrosse as a defense witness. The witness completed his entire direct and cross-examination. After this, the trial judge requested that the jury leave the courtroom, which the jury did. The trial judge then inquired whether the witness was permitting persons he knew to be drunk to drive their cars from the Marco Polo Hotel in an inebriated condition. The trial judge then told the prosecutor to refer this matter to an appropriate official. After this remark, the witness was excused and the jury returned to the courtroom. Mr. DeBrosse was never recalled to the witness stand to testify further. No objection appears in the record to anything occurring during this questioning.