PER CURIAM.
Rolin Lemorin appeals his convictions for first degree felony murder and armed robbery. We affirm.
During deliberations, the jury requested a copy of the homicide detective’s report. In response, the trial court advised the jury that “police reports were not admissible in this case.” While we find the better course would have been for the trial court to simply advise the jury that all the evidence was before them, without further elaboration, any error by the trial court was harmless. See Villageliu v. State, 347 So.2d 445, 447 (Fla. 3d DCA1977) (When judicial comment could not have prejudiced the trial, the comment will not be sufficient to require a new trial).
Lemorin argues that the trial court’s statement regarding the police reports gave the impression that there was other evidence, presumably favorable to the prosecution, which defense counsel had successfully managed to exclude. However, the jury had already heard the detective’s testimony regarding the same witness statements presumed to be in his report.
This case is distinguishable from Landry v. State, 620 So.2d 1099 (Fla. 4th DCA 1993) where, after the trial court had disallowed comment on any excluded evidence, the prosecutor stated to the jury that there was some evidence he could not comment on which would show the defendant’s real motive.
Affirmed.