Willie JACKSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 21919.

United States Court of Appeals Fifth Circuit.

Nov. 16, 1965.

Denmark Groover, Jr., Bloch, Hall, Groover & Hawkins, Macon, Ga., for appellant.

Sampson M. Culpepper, Asst. U. S. Atty., Floyd M. Buford, U. S. Atty., for appellee.

Before TUTTLE, Chief Judge, and BELL and COLEMAN, Circuit Judges.

PER CURIAM.

Appellant bases his case here on his contention that the search which produced the illegal whiskey was made in connection with an illegal arrest, and since the search was made without a

warrant, it was error for the trial court to admit in evidence the fruits of the search.

 The case was tried without a jury and the same evidence was received by the trial court on the merits of the case as was submitted in connection with a motion to suppress the evidence. Since this arrest was made by State officers for offenses against the State of Georgia, its validity must be determined by reference to Georgia law. Collins v. United States, 5 Cir., 289 F.2d 129, 131. The general arresting power of officers is provided for in Georgia Code Section 27–207 as follows:

> "An arrest for a crime, may be made by an officer, either under a warrant, or without a warrant if the offense is committed in his presence, or the offender is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant."

It is claimed by appellant that under the Georgia law an officer may not arrest without a warrant even in the case of an alleged felony upon probable cause. The challenge has more force when the question is whether, under the Georgia law, an officer may arrest without a warrant upon probable cause in the case of an alleged misdemeanor. We do not reach these questions here.

In the trial court the officers testified that they started the pursuit of appellant in his automobile because they recognized him while driving an automobile at a time when they knew his driver's license had been suspended. This would clearly bring the arrest within the language of the Georgia statute since the offense would then be committed in the presence of the officers. Although the appellant argues strenuously that prior conduct of the arresting officers cast considerable doubt upon their testimony that they really arrested Jackson for the violation of the Georgia traffic laws, they did so testify and the trial court made a specific finding of fact that that was the basis of the arrest.

We can not, on this record, overturn this finding of fact as being clearly erroneous. That being so, the search that was made of the vehicle at the time the arrest was completed, was permissible under the well recognized authorities. See United States v. Williams, 6 Cir., 314 F.2d 795, and Kelly v. United States, 5 Cir., 197 F.2d 162.

The judgment is affirmed.