Willie **JACKSON**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 24788.

United States Court of Appeals
Fifth Circuit.

April 17, 1968.

Rehearing En Banc Denied
May 20, 1968.

Howard Moore, Jr., Peter E. Rindskopf, Atlanta, Ga., for appellant.

Manley F. Brown, Asst. U. S. Atty., Macon, Ga., for appellee.

Before THORNBERRY, AINSWORTH and DYER, Circuit Judges.

PER CURIAM:

Appellant Willie Jackson was convicted on two counts of transportation and possession of nontax-paid or "moonshine" whiskey in violation of 26 U.S.C. §§ 5205(a)(2) and 5604(a). He moved to suppress the evidence and, after a full hearing, the motion was denied. He then waived jury trial by personally executed written waiver and was tried and found guilty by the District Court (Judge W. A. Bootle). Thereafter he was sentenced to a term of eighteen months' imprisonment and his conviction and sentence were affirmed by this Court. Our per curiam specifically affirmed the District Judge's finding that the search made at the time of appellant's arrest was permissible. See Jackson v. United States, 5 Cir., 1965, 352 F.2d 490, cert. denied, 385 U.S. 825, 87 S.Ct. 55, 17 L.Ed.2d 62 (1966). Thereafter he filed a peti-

tion for writ of error coram nobis, which was denied by the same District Judge, and he brings this appeal from said denial. He has been admitted to bail during the pendency of the coram nobis proceeding.

 The District Judge considered the issues raised by petition for coram nobis and in a well-reasoned, detailed written opinion denied it. We are in agreement with the findings of the District Judge. The question of the alleged unreasonable search and seizure cannot again be raised by appellant, for it was effectively disposed of and affirmed by us on the merits of the case itself. Appellant is therefore foreclosed to reurge it here. See Dorrough v. United States, 5 Cir., 1965, 344 F.2d 125. We also agree with the ruling below that the evidence in the present case does not warrant a finding that appellant's waiver of jury trial under Rule 23(a) of the Federal Rules of Criminal Procedure was not freely and voluntarily executed by him personally. The record is clear that there was no compulsion on appellant to execute such a waiver and that he did so as a matter of trial strategy, with the advice of retained counsel, believing he had a better chance to defend the accusation before a judge than before a jury. He is likewise barred from raising the question of the composition of the grand jury on the allegation of racial exclusion, being required by Rule 12(b) (2) of the Federal Rules of Criminal Procedure to allege such a defect by motion before trial, which he did not do then or at any other time during the proceeding on the merits. His failure to do so constitutes a waiver thereof so that he may not now, for the first time, more than two years after his trial, question the composition of the grand jury which indicted him, the Trial Judge having correctly held that he was in no way prejudiced. Shotwell Manufacturing Co. v. United States, 371 U.S. 341, 83 S.Ct. 448, 9 L.Ed.2d 357 (1963); Perez v. United States, 5 Cir., 1962, 303 F.2d 441; Pinkney v. United States, 5 Cir., 1967, 380 F.2d 882.

Affirmed.

**ON PETITION FOR REHEARING EN BANC**

PER CURIAM:

The Petition for Rehearing is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, Rule 25 (a), subpar. (b), the Petition for Rehearing En Banc is denied.