**John Oliver STEWART and David Sims, Appellants,**

v.

**Roland W. BANKS, Appellee.**

**No. 25323.**

United States Court of Appeals
Fifth Circuit.

July 5, 1968.

Rehearing Denied Aug. 2, 1968.

Certiorari Denied. See 89 S.Ct. 41.

Luhr G. C. Beckmann, Jr., A. Martin Kent, Savannah, Ga., for appellants; Hitch, Miller, Beckmann & Simpson, Savannah, Ga., of counsel.

Larry Klein, Frank J. McKeown, Jr., West Palm Beach, Fla., Lefferts L. Mabie, Jr., Pensacola, Fla., Cone, Wagner, Nugent, Johnson, McKeown & Dell, West Palm Beach, Fla., for appellee.

Before GEWIN and THORNBERRY, Circuit Judges, and EDENFIELD, District Judge.

PER CURIAM:

Appellee won a $115,000 verdict in a damage suit involving personal injuries received when a car driven by his minor daughter collided with a truck owned by Appellant Sims. Finding no reversible error, we affirm.

Appellants' (owner of the truck and driver) first assertion of error is that they were prejudiced by the sys-

tematic exclusion of Negroes from the jury panel because the driver of the truck at the time of accident was a Negro. While it is true that a litigant in a civil case, just as the accused in a criminal case, is entitled to a jury panel selected from a fair cross-section of the community, Thiel v. Southern Pacific Company, 1946, 328 U.S. 217, 66 S.Ct. 984, 90 L.Ed. 1181, defendants in the court below made no objection to the composition of the panel until their motion for new trial. We agree with the reason advanced by the trial judge for holding that failure to object before the trial commenced constituted a waiver:

> If a civil litigant is permitted to go to trial and ascertain the verdict of the jury, and if the verdict be adverse to his position, then for the first time raise some question concerning the manner in which the jury lists in the Court are composed, and if it should be determined that there was some imperfection in the jury lists, this would mean that the litigant by deliberately failing to make timely objection had had two opportunities to have his case presented to a jury.[1]

 Aside from their objection to the composition of the panel, appellants urge that the court's charge on sudden emergency was deficient because it did not inform the jury that negligence on the part of appellee's daughter could bar recovery. Reading the entire charge, we find it clearly stated that if the daughter caused the accident, or if she was more negligent than defendant, or even if she and defendant were equally negligent

there could be no recovery. Finally, it is contended that since appellee requested only $100,000 in his pleadings, it was error to allow him to amend them to conform to the $115,000 verdict. According to Fed.R.Civ.P., Rule 54(c), however, a final judgment must grant the relief to which the party in whose favor it is rendered is entitled even if the party has not demanded such relief in his pleadings. Thus the fact that the court allowed amendment of the ad damnum clause to conform to the verdict was not error. See Couto v. United Fruit Company, 2d Cir., 1953, 203 F.2d 456.

Affirmed.

in a criminal case could not be presumed from a silent record. Here we have waiver of an objection by retained counsel presumed to know the law, not by a criminal defendant. In this connection, we note that the trial judge specifically inquired of counsel on both sides whether they were satisfied in all respects with the jury panel and counsel on both sides stated that they were satisfied. Thus, the record (p. 212) affirmatively demonstrates waiver of objection.

---

1. Appellant's point that we should not invoke a principle of waiver in a civil case which we would not invoke in a criminal case is not well taken because even in a criminal case an objection to the composition of the grand or petit jury on the ground of racial exclusion can be waived. See Jackson v. United States, 5th Cir. 1968, 394 F.2d 114 [April 17, 1968]. Carnley v. Cochran, 1962, 369 U.S. 506, 82 S.Ct. 884, 8 L. Ed.2d 70 is not to the contrary, for in that case the Supreme Court simply held that waiver of counsel by a defendant