Fernando P. **BUSTILLO**, Plaintiff-Appellant,

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

No. 27653
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Jan. 19, 1970.

PER CURIAM.

Appellant, Fernando P. Bustillo, was indicted for the offense of bank robbery by force, violence, and intimidation in violation of 18 U.S.C.A. § 2113 (a) and (d) by a grand jury empaneled and sitting in Corpus Christi, Texas. He was represented by court appointed counsel, pled guilty, and on July 14, 1967, received a sentence of fifteen years. Bustillo thereafter filed a 28 U.S.C.A. § 2255 motion to vacate his sentence, claiming that the grand jury which indicted him was defectively constituted. The court below denied the motion without a hearing and we affirm.[1]

Objections to the composition of a grand jury are governed by Rule 12(b) (2) of the Federal Rules of Criminal Procedure. Shotwell Manufacturing Company v. United States, 1963, 371 U.S. 341, 83 S.Ct. 448, 9 L.Ed.2d 357. Rule 12(b) (2) provides that a defect in the indictment must be objected to by motion before trial and that failure to object at that time waives such a defense. Bustillo did not object before trial, or at any other time during the proceeding on the merits, to the composition of the grand jury which indicted him. His failure to do so constituted a waiver so that he may not now for the first time assert such an objection. Scales v. United States, 1961, 367 U.S. 203, 81 S.Ct. 1469, 6 L.Ed.2d 782; Jackson v. United States, 5 Cir. 1968, 394 F.2d 114, 115; Perez v. United States, 5 Cir. 1962, 303 F.2d 441.

Appellant has not alleged nor have we discovered any cause for exercising the extraordinary power provided in Rule 12(b) (2) to grant relief from the waiver provisions of that rule. The decision of the court below is therefore affirmed.

Fernando P. Bustillo, pro se.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for defendant-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I [Oct. 7, 1969].