**Vern Mac THROGMARTIN, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 28199

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 6, 1970.

Vern Mac Throgmartin, pro se.

Jesse L. Yancy, Jr. (court appointed), Bruce, Miss., for plaintiff-appellant.

H. M. Ray, U. S. Atty., J. Murray Akers, Asst. U. S. Atty., Oxford, Miss., for defendant-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

■ Appellant, Throgmartin, was indicted for the offenses of bank burglary

---

in violation of Title 18 U.S.C.A. §§ 2 and 2113(a), failing to appear before a court or judicial officer in violation of Title 18 U.S.C.A. § 3150 (2 counts) and escaping from custody in violation of Title 18 U.S.C.A. §§ 2 and 751 (2 counts). He was represented by court appointed counsel, pled guilty and was sentenced for a term of nine years. In his § 2255 motion to vacate sentence Throgmartin claimed that the grand jury which indicted him was defectively constituted because of the systematic exclusion of Negroes. He also filed a Motion to Produce in order to obtain information necessary to support his motion to vacate sentence. The court below denied both motions without a hearing. We affirm.[1]

■ Objections to the composition of a grand jury are governed by Rule 12(b) (2) of the Federal Rules of Criminal Procedure. Shotwell Manufacturing Company v. United States, 1963, 371 U.S. 341, 83 S.Ct. 448, 9 L.Ed. 357. Rule 12(b) (2) and 12(b) (3) F.R. Crim.P. provide that a defect in the indictment must be objected to by a motion before a guilty plea is entered and that a failure to object at that time waives such a defense. Since Throgmartin did not object to the composition of the grand jury that indicted him prior to his voluntary guilty plea, he is deemed to have waived that defense and may not now for the first time assert the objection. Scales v. United States, 1961, 367 U.S. 203, 81 S.Ct. 1469, 6 L.Ed. 782; Bustillo v. United States, 5 Cir. 1970, 421 F.2d 131; Jackson v. United States, 5 Cir. 1968, 394 F.2d 114.

Appellant has not alleged nor have we found any cause for exercising the extraordinary power provided in Rule 12(b) (2) to grant relief from the waiver provisions of that rule.

Since appellant's motion to produce was made for the sole purpose of obtaining information relating to his motion to vacate sentence which motion was denied, the motion to produce would have served no useful purpose and was properly denied. The decision of the District Court is affirmed.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.