**Clifford H. DAVIS, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 71-2547**

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

Jan. 20, 1972.

Rehearing Denied Feb. 25, 1972.

Clifford H. Davis, pro se.

H. M. Ray, U. S. Atty., Alfred E. Moreton, III, Asst. U. S. Atty., Oxford, Miss., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Clifford H. Davis appeals from the denial by the District Court of his motion to vacate sentence pursuant to 28 U.S.C. § 2255. We affirm.

Appellant was indicted by a federal grand jury sitting in Greenville, Mississippi, on January 30, 1968, for bank robbery in violation of 18 U.S.C. § 2113(a). He was tried by a jury, convicted and sentenced to serve fourteen years. We affirmed on direct appeal. See Davis v. United States, 5 Cir., 1969, 409 F.2d 1095.

Appellant, a Negro, alleges for the first time in his 2255 petition that his sentence should be set aside on grounds of systematic exclusion of Negroes from the grand jury which indicted him. The District Court correctly

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

found that appellant's failure to raise the objection timely by pretrial motion, pursuant to Rule 12(b) (2), Fed.R. Crim.P., constituted a waiver of that objection, and in the absence of any extraordinary or prejudicial circumstances, appellant was not entitled to the relief sought. See Shotwell Manufacturing Co. v. United States, 371 U.S. 341, 83 S. Ct. 448, 9 L.Ed.2d 357 (1963); Pinkney v. United States, 5 Cir., 1967, 380 F.2d 882; Jackson v. United States, 5 Cir., 1968, 394 F.2d 114; Brooks v. United States, 5 Cir., 1969, 416 F.2d 1044; Bustillo v. United States, 5 Cir., 1970, 421 F.2d 131; Throgmartin v. United States, 5 Cir., 1970, 424 F.2d 630.

■ There is no merit to appellant's additional contention that his constitutional rights were infringed because an assistant to his counsel, a senior law school student, was not allowed to confer with him in prison.

Affirmed.

## ON PETITION FOR REHEARING

It is ordered that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby denied.[1]

---

1. We have considered appellant's contention on petition for rehearing that an original file was missing and it was "therefore utterly impossible for the Court to obtain or read a mystical file in its entirely (sic) between January 1971, and May 1971, when they were lost in its entirety in June 1968." He maintains, therefore, that the District Judge was in error in rejecting his contention that an oral motion was made by counsel on his behalf challenging the array of the Grand Jury ten minutes prior to jury trial. We have difficulty understanding appellant's contention. Nevertheless, we have carefully examined all of the files, record and supplementary records, as well as the transcript of testimony in this matter. There is no mention therein of a motion, oral or written, challenging the Grand Jury array. The contention is raised for the first time, in this Section 2255 proceeding. The files show that subsequent to the denial by the District Court of the Section 2255 petition and subsequent to Davis' appeal therefrom, the United States Attorney was granted leave to modify the record on appeal by filing true copies of original motions by Davis for a new trial and to quash indictment because of alleged illegality of arrest, which original motions were missing from the file. Neither motion refers in any way to the composition of the Grand Jury. These instruments were before the District Judge and considered by him in denying the writ as shown by the following excerpt from his memorandum opinion:

"Petitioner claims that an objection to the composition of the grand jury was made by oral motion of petitioner's attorney and denied by the court before trial in open court on May 6, 1968, the day on which petitioner's trial commenced. He contends, therefore, that there could be no waiver under Rule 12(b) (2) since a proper motion was made before trial.

The Court recalls no such oral motion having been made. In order to avoid any possible oversight injurious to the rights of petitioner, the court has read in full the transcript of the proceedings at every stage of petitioner's prosecution and has read the entire jacket file, including docket entries. These voluminous records reveal that not the slightest reference was made to the composition of the grand jury either by petitioner or by his attorney at any stage of the proceedings. Petitioner's attorney did file, on March 6, 1968, a motion to quash the indictment on the ground that the arrest of petitioner was illegal, and that the indictment of the grand jury based upon evidence obtained pursuant to such alleged illegal arrest was void. No reference was made in that motion to the composition of the grand jury. The motion to quash was denied by the court prior to the commencement of trial on May 6, 1968. The substance of that motion was also the substance of the appeal to the Fifth Circuit. Davis v. United States, supra. Moreover, petitioner was present at his arraignment on March 21, 1968, at which time his attorney requested and was allowed a period of thirty days within which to file additional pretrial motions. See Rule 12(b) (3) F.R. Cr.P. The transcript also reveals that petitioner was present when the motion to quash the indictment on the ground of the alleged illegal arrest was submitted to and denied by the court. The court finds, therefore, that petitioner did not object to the composition of the grand jury prior to trial and did not raise such an objection at any other stage of the proceedings, including his trial, motion for new trial, appeal, nor in his various post conviction motions, until the filing of the petition now before the court."

The contentions of appellant are without merit.