**Eugene F. WELLS, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Florida Division of Corrections, Respondent-Appellee.**

**Carl Everett ARNOLD, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Florida Division of Corrections, Respondent-Appellee.**

**Walter L. ARBOGAST, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Florida Division of Corrections, Respondent-Appellee.**

**Nos. 72–3154, 72–3155 and 73–1050.**

United States Court of Appeals, Fifth Circuit.

Dec. 4, 1973.

Bruce S. Rogow, A. C. L. U. Foundation of Florida, Louis M. Jepeway, Jr., Miami, Fla., for petitioners-appellants.

Bennett H. Brummer, Asst. Public Defender, Miami, Fla., amicus curiae on behalf of petitioners-appellants.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., William L. Rogers, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before WISDOM, GEWIN and CLARK, Circuit Judges.

PER CURIAM:

These appeals, which we have consolidated, request this court to rule on the validity of the waiver-by-failure-to-object principle applied in State v. Silva,

259 So.2d 153 (Fla. 1972). *Silva* condemned as unconstitutional the jury selection practice, followed in Dade County, Florida between 1966 and 1972, of intentionally *including* Negros and women on each array to pre-ascertained proportions. We decline to reach the merits of the question presented on the basis of the present record and vacate and remand for a hearing to determine more precisely the factual status of each petitioner.

The federal habeas corpus court declined to hold a hearing. Relying on Shotwell Mfg. Co. v. United States, 371 U.S. 341, 83 S.Ct. 448, 9 L.Ed.2d 357 (1963), and this circuit's decisions in Davis v. United States, 455 F.2d 919 (1972), aff'd, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973), and its federal procedural predecessors, the court ruled that petitioners had waived all right to object to Dade County's proportional limitation practice by going to trial without objecting. Fla.R.Cr.P. 3.-300, 33 F.S.A. *See also* Buchanan v. State, 97 Fla. 1059, 122 So. 704 (1929). Thus, we are presented with a record in Arbogast's case containing untried pleadings which aver that neither petitioner nor his counsel knew of the unconstitutional method of jury selection which was followed in his case and that such procedures were neither open nor notorious. The pro se pleadings of both Wells and Arnold, though less elaborate, assert that they did not know of any impropriety in jury selection procedures until after their trials had been completed. Reliance upon *Shotwell Mfg. Co.* and *Davis* implies a determination of either actual or constructive knowledge. The court below would be in error if it assumed that any of these fact allegations were untrue without holding a hearing. Reagor v. United States, 488 F.2d 515 (5th Cir. 1973).

The cases are remanded to the district court with directions to hold such a hearing or hearings as may be necessary to make separate findings of fact which would supply the answers to the following questions in the light of current precedents:

Was the jury selection procedure followed in his case actually known to petitioner or his counsel prior to the time his trial was commenced?

Could the petitioner or his attorney have ascertained all of the facts concerning the Dade County jury selection procedure which would have been necessary to formulate and present any meaningful objection they cared to make within the time required by Florida law?

Could these necessary facts relating to this procedure have been discovered before trial by the exercise of reasonable diligence?

Did petitioner or his counsel give tactical consideration to determining whether to timely raise such an objection or to hold it in reserve?

Did the case have any overtones involving race or sex?

What prejudice did the jury selection procedures followed in this case cause to petitioner?

What effect did the jury procedures which were used have on the integrity of the fact finding procedures in petitioner's case?

Would the making of a timely objection to the racial or sexual composition of the jury have so prejudiced the community that the likely result of such a challenge would have been that any jury subsequently impanelled would be prejudiced against the defendant?

*See* Davis v. United States, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973); Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); Winters v. Cook, 489 F.2d 174 (on rehearing en banc, 5th Cir. 1973).

Vacated and remanded.