**UNITED STATES of America, Appellee,**

v.

**Marshall Brent WILLIAMS, Appellant.**

**No. 74–1467.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 8, 1975.

Decided June 14, 1976.

---

Richard W. Boone, Washington, D. C., for appellant.

David H. Hopkins, Asst. U. S. Atty., and William B. Cummings, U. S. Atty., Alexandria, Va., for appellee.

Before BOREMAN, Senior Circuit Judge, WIDENER, Circuit Judge, and WATKINS, Senior District Judge.*

WATKINS, Senior District Judge.

Appellant Marshall Brent Williams, having been indicted for first degree murder on a military reservation, was convicted by a jury of second degree murder on September 1, 1971, and received a sentence of 45 years. He was represented throughout the proceedings by a single attorney. Williams appealed the judgment and sentence, and this Court affirmed. *United States v. Williams*, No. 71–2120 (4 Cir. July 13, 1972).

Williams then filed a motion to vacate the judgment and sentence pursuant to 28 U.S.C. § 2255, asserting for the first time his claim that blacks had deliberately been excluded from the grand jury which indicted him and the petit jury which convicted him. Because this issue had not been raised prior to trial as required by Rule 12(b)(2) of the Federal Rules of Criminal Procedure,[1] the District Court dismissed the motion summarily, relying on *Davis v. United States*, 411 U.S. 236, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973) and *Shotwell Manufacturing Co. v. United States*, 371 U.S. 341, 83 S.Ct. 448, 9 L.Ed.2d 357 (1963).[2] On appeal from this dismissal, this Court reversed and remanded the matter to the District Court, holding that Williams should have been afforded an opportunity to show "good cause" why he should be excused from the waiver provision. Williams then amended his motion, restating the original claim as to jury composition and asserting as a new basis for relief that he had not been afforded the assistance of two counsel provided for in 18 U.S.C. § 3005. After a hearing, at which both the Appellant and his trial counsel testified, the District Court denied relief on both of the grounds asserted. From that denial, Williams now appeals.

With respect to the challenge to jury composition, the District Court found that no good cause had been shown to relieve Appellant from the waiver provision of Rule 12(b)(2). In so holding the Court found that there had been no prejudice to the Appellant on account of jury composition, noting particularly that there was black representation on the petit jury and that the jury selection procedures had been adjudicated proper.

We perceive no error in this finding. The decision to grant or deny relief from the waiver provision of Rule 12(b)(2) is a matter left to the discretion of the District Judge. *Davis, supra,* 411 U.S. at 245, 93 S.Ct. 1577. To be entitled to such relief, moreover, the applicant must show not only that there was good cause for his failure timely to assert the claim, but also that he suffered actual prejudice from the alleged improper jury composition. *Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976). The record reveals that Appellant made no such showing; rather, the only evidence of "good cause" presented to the District Court was Appellant's bald and conclusory allegation that he had not received a fair trial because the jury was not "a cross-section of the particular community, nor were they a jury of my peers." Tr. at 18. Clearly, that was insufficient to merit relief. We recognize that actual prejudice may be difficult to demonstrate in most cases, but this is consistent with the notion that relief from a Rule 12(b)(2) waiv-

---

* Sitting by designation, from the United States District Court for the District of Maryland.

1. As it was in effect prior to August 1, 1975, Rule 12(b)(2) provided in pertinent part as follows:

   (2) *Defenses and Objections Which Must Be Raised.* Defenses and objections based on defects in the institution of the prosecution or in the indictment or information other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial. . . . Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver.

2. *Davis* involved a challenge to grand jury composition but, in light of *Shotwell*, would also govern a challenge to petit jury selection procedures. *See, e. g., Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976) (rule of *Davis* held applicable to challenge regarding both grand and petit juries under 28 U.S.C. § 2254).

er is an exercise of an extraordinary power and must be regarded as an exception to the rule; see *Throgmartin v. United States,* 424 F.2d 630, 631 (5 Cir. 1970).

Appellant contends, however, that the District Court abused its discretion in that it did not apply the standard of "knowing and intelligent waiver." Such a contention is without merit, being squarely contrary to the express holding of *Davis* that, in a case involving an *untimely* challenge to jury composition, the waiver standard of Rule 12(b)(2) must govern. See *Davis, supra,* 411 U.S. at 242, 93 S.Ct. 1577. In this instance the District Court clearly applied the proper standard; and, finding no abuse of discretion, we affirm as to this issue.

The second issue raised in this appeal seems to have been posed in the alternative. Appellant contends, first, that he was denied the assistance of two attorneys despite his repeated requests therefor; and, second, that even assuming there were no such requests, the record fails to reveal affirmatively that Appellant was advised of his "absolute, unambiguous right to two counsel and that he was or would ever be given opportunity to exercise that right," so that the Court could not properly have inferred the existence of a knowing waiver. Appellant's Reply Brief at 3.

When this matter was considered by the District Court on remand from this Court, the Appellant claimed that he had requested the appointment of two counsel during a preindictment hearing held on March 31, 1971, before the Honorable Oren R. Lewis. Appellant further stated that he had requested two counsel in a letter to Judge Lewis. The facts surrounding the hearing were then clouded by the absence of a stenographic record. Ultimately, the District Court chose not to believe the testimony of the Appellant, although that testimony was not directly controverted, and instead found that no request for two counsel had been made. In so finding, the Court relied particularly on the fact that there was no request for two counsel during the trial, a circumstance the District Court found to be in sharp conflict with the Appellant's claim. The Court also noted that the records failed to reveal the receipt of any letter from Appellant. Finally, the District Court found that no prejudice had resulted from Appellant's representation by one attorney rather than two, noting that the Appellant had been acquitted of first degree murder because of "an exemplary job on the part of counsel." [3]

Appellant now contends that the District Court erred in finding that no request had been made. Furthermore, Appellant argues that the burden of demonstrating that there has been a knowing and voluntary waiver of the right to two counsel rests with the government and that, absent a clear showing in the record of any such waiver, a denial of the effective assistance of counsel must be presumed.

■■■ It is settled that a defendant in a capital case is entitled to the appointment of up to two counsel upon request. A failure to appoint counsel under such a circumstance gives rise to an irrebuttable presumption of prejudice. *United States v. Watson,* 496 F.2d 1125 (4 Cir. 1973). This Court has recently held, however, that the right to two counsel granted by § 3005 is purely statutory and that § 3005 does not embody a fundamental constitutional right of the sort which can be deemed waived only under the strict standard of *Johnson v. Zerbst,* 304 U.S. 458, 564, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). *United States v. Blankenship,* No. 75–1148 (4 Cir. February 20, 1976). Moreover, since the right is merely statutory, the Court is not required to call it to the attention of the Defendant; and no prejudice to the Defendant will necessarily be presumed from a failure to do so. *Blankenship, supra,* slip opinion at 8. It follows, then, that there is no burden on the government to prove the existence of a

---

**3.** This finding was precipitated by the uncertainty that existed then as to whether or not a presumption of prejudice would arise absent a clear indication that the Appellant had been advised of the content of 18 U.S.C. § 3005. The matter has since been settled by the holding in *United States v. Blankenship,* No. 75–1148 (4 Cir. February 20, 1976), discussed *infra.*

knowing and voluntary waiver of the right to two counsel under § 3005; rather a waiver will be presumed unless the defendant can show that there has been a request for two counsel, or an equivalent circumstance which would clearly demonstrate that the Defendant required additional counsel.[4]

■ Thus, the decision as to this issue turns not on the silence of the record but on the holding of the District Court that there was no request for two counsel. After examining the record, we hold that there was no clear error in this finding.[5] The District Judge was not obliged to credit the self-serving but otherwise unsupported statements of the Appellant and was justified in inferring from other circumstances that no request had been made. We would add that, in addition to the factors noted by the District Court, the finding below is supported by the fact that there is nothing in the record to indicate that the Appellant at any time expressed dissatisfaction with the quality of representation afforded by his court-appointed attorney. From this holding, and in view of the prior holding in *Blankenship,* it follows that the judgment of the District Court must be affirmed as to the second issue presented for review.

*AFFIRMED.*

---

4. Such a circumstance may exist, for example, where the defendant has expressed dissatisfaction with his one attorney; *see Blankenship, supra,* slip opinion at 6–7 n.3. That did not occur in the case at bar.

5. There is further support for the finding of the District Court in the recently discovered transcript of the March 31 hearing before Judge Lewis, which reveals not only that the Appellant made no request for two counsel in that proceeding but also contains the advice of Judge Lewis that the Appellant "may be entitled to the appointment of more than one counsel, if necessary, if the grand jury returns a capital-offense indictment." Tr. at 4. While this statement occurred prior to the indictment and thus cannot be considered proof that the Appellant was advised as to § 3005 subsequent to his indictment, it serves to underscore the silence elsewhere on the record with regard to alleged requests for additional counsel.