**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4618**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHINUA SHEPPERSON, a/k/a Nu, a/k/a NuNu, a/k/a King Nu, a/k/a Chinua Shepperdson,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (8:09-cr-00598-AW-17)

───────────

Argued: October 31, 2013        Decided: January 8, 2014

───────────

Before MOTZ and AGEE, Circuit Judges, and Joseph F. ANDERSON, Jr., United States District Judge for the District of South Carolina, sitting by designation.

───────────

Affirmed by published opinion. Judge Agee wrote the opinion, in which Judge Motz and Judge Anderson concurred.

───────────

**ARGUED:** Ray M. Shepard, SMITH, GILDEA & SCHMIDT, LLC, Towson, Maryland, for Appellant. Sujit Raman, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee. **ON BRIEF:** Rod J. Rosenstein, United States Attorney, Baltimore, Maryland; Emily N. Glatfelter, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

───────────

AGEE, Circuit Judge:

Chinua Shepperson ("Shepperson") was convicted of several crimes, including conspiracy and murder. On appeal, Shepperson contends that the district court erred by not affording him the assistance of two attorneys under the terms of 18 U.S.C. § 3005. Separately, he argues that the district court also erred by not excluding the testimony of a cooperating witness based on the Government's failure to furnish him with a list of witnesses three days before commencement of trial, as is required in capital cases by 18 U.S.C. § 3432. For the reasons that follow, we affirm the judgment of the district court.

I.

On October 27, 2010, a grand jury in the United States District Court for the District of Maryland returned a superseding indictment charging nineteen alleged Latin King gang members—including Shepperson—with five counts: (1) conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d); (2) murder in aid of racketeering, in violation of 18 U.S.C. § 1959; (3) interference with commerce by threats or violence, in violation of 18 U.S.C. § 1951; (4) discharge of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and (5) murder as a result of using and carrying a firearm in furtherance of a

2

crime of violence, in violation of 18 U.S.C. § 924(j).  Although the indictment contained capital-eligible offenses, the Attorney General elected not to seek the death penalty.

All but one of the defendants in the case pleaded guilty; Shepperson was the lone defendant who proceeded to trial.  On March 14, 2011, after approximately two weeks of trial, a jury found Shepperson guilty on all counts.  He was subsequently sentenced to life plus ten years' imprisonment.

Shepperson now appeals, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

II.

On appeal, Shepperson contends that the district court erred by (1) not affording him the assistance of two counsel provided for in 18 U.S.C. § 3005; and (2) not excluding the testimony of a cooperating witness based on the Government's failure to furnish him under 18 U.S.C. § 3432 with a list of witnesses three days before commencement of trial.  We address each issue in turn.

A.

Shepperson first contends that the district court erred in failing to advise him of his statutory right to two attorneys under 18 U.S.C. § 3005, which provides:

3

> Whoever is indicted for treason or other capital crime shall be allowed to make his full defense by counsel; and the court before which the defendant is to be tried, or a judge thereof, shall promptly, upon the defendant's request, assign 2 such counsel, of whom at least 1 shall be learned in the law applicable to capital cases.

In United States v. Boone, 245 F.3d 352 (4th Cir. 2001), we held that a defendant charged with a capital-eligible crime is entitled, under § 3005, to representation by two attorneys regardless of whether a capital sentence is actually sought.[1] As noted in Boone, however, "[t]he defendant must . . . request the

---

[1] We note that we are bound by our previous decision in Boone, which adhered to our precedent in United States v. Watson, 496 F.2d 1125, 1129 (4th Cir. 1973) ("[D]efendant ha[s] an absolute statutory right to two attorneys under § 3005."). Our interpretation of § 3005 is at odds with the view adopted by all our sister circuits to have considered the issue of whether the statute requires a second lawyer if the death penalty has been removed from consideration. See, e.g., United States v. Douglas, 525 F.3d 225, 237 (2d Cir. 2008) ("[W]e agree with the majority of the federal courts of appeals that once the government has formally informed the court and the defendant of its intention not to seek the death penalty, the matter is no longer a capital case within the meaning of § 3005."); United States v. Waggoner, 339 F.3d 915, 918 (9th Cir. 2003) ("[T]he term 'capital crime' as used in § 3005 does not encompass the underlying offense when capital punishment cannot be imposed"); United States v. Casseus, 282 F.3d 253, 256 (3d Cir. 2002) ("[A]fter the government declared that it would not seek the death penalty, the appellants were no longer capital defendants."); United States v. Grimes, 142 F.3d 1342, 1347 (11th Cir. 1998); United States v. Shepherd, 576 F.2d 719, 729 (7th Cir. 1978); United States v. Weddell, 567 F.2d 767, 770 (8th Cir. 1977). This dispute over the applicability of § 3005 when the death penalty is not a possible punishment is not dispositive here because it does not affect the resolution of this case.

appointment of a second lawyer for the two-attorney requirement to apply." 245 F.3d at 359 n.7; see also 18 U.S.C. § 3005 ("[A] judge thereof, shall promptly, upon the defendant's request, assign 2 such counsel." (emphasis added)).

Shepperson concedes that he did not request additional counsel under § 3005 in the district court. Our review is thus for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731–32 (1993); United States v. Robinson, 275 F.3d 371, 383–84 (4th Cir. 2001) (reviewing forfeited claim under § 3005 for plain error and affirming conviction). In order to demonstrate plain error, Shepperson must show that an error occurred, that the error was plain, and that the error affected his substantial rights. See Olano, 507 U.S. at 732; United States v. Hastings, 134 F.3d 235, 239 (4th Cir. 1998). Even if Shepperson can satisfy these requirements, correction of the error remains within our sound discretion, which we "should not exercise . . . unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 732 (internal quotation marks and alterations omitted); Hastings, 134 F.3d at 239.

Despite the clear statutory mandate that a defendant must request a second attorney, see 18 U.S.C. § 3005, Shepperson nevertheless asserts that the district court committed error by not advising him sua sponte of his right to additional counsel,

5

particularly because "he made the [district] court well aware that he was dissatisfied with his . . . trial counsel." (Appellant's Br. 14.) Shepperson essentially maintains that when a defendant who is charged with a death-eligible crime expresses dissatisfaction with appointed counsel, the district court is under an affirmative statutory duty to advise the defendant of his right to additional counsel under § 3005. Whether the statute contains this requirement is a question of law, which we review de novo. See United States v. Turner, 389 F.3d 111, 120 (4th Cir. 2004).

Shepperson's argument, however, is simply unsupported by the statutory text. As discussed above, the plain language of § 3005 imposes no affirmative obligation on the district court, except its obligation to appoint a second attorney "upon the defendant's request." 18 U.S.C. § 3005 (emphasis added). "We decline to read into the statute a requirement that is not readily apparent." Boone, 245 F.3d at 360; see also United States v. Hood, 343 U.S. 148, 151 (1952) ("We should not read such laws so as to put in what is not readily found there.").

Shepperson's reliance on Smith v. United States, 353 F.2d 838 (D.C. Cir. 1965), is similarly misplaced. In Smith, the defendant had stopped communicating with his attorney before trial, and the attorney moved to withdraw from the case. 353 F.2d at 844. After a hearing, the attorney's motion to withdraw

6

was denied. Though the defendant was facing the death penalty at trial, he was ultimately sentenced to life imprisonment. <u>Id.</u> at 846. On appeal, the defendant claimed, <u>inter</u> <u>alia</u>, that the district court should have advised him of his right to additional counsel under § 3005. <u>Id.</u> at 845–46. Although the D.C. Circuit agreed, it found no reversible error—even assuming prejudice from the district court's failure to advise—due to defense counsel's vigorous defense in a case featuring overwhelming evidence. <u>Id.</u>

<u>Smith</u>, however, has no precedential value and is contradicted by a number of this Court's previous decisions, all of which have applied § 3005's clear mandate of a defendant's request. <u>See, e.g.</u>, <u>Boone</u>, 245 F.3d at 359 n.7 ("The defendant <u>must</u> . . . <u>request</u> the appointment of a second lawyer for the two-attorney requirement to apply." (emphasis added)); <u>United States v. Williams</u>, 544 F.2d 1215, 1218 (4th Cir. 1976) ("It is settled that a defendant in a capital case is entitled to the appointment of up to two counsel <u>upon</u> <u>request</u>." (emphasis added)).

To the extent that Shepperson argues that the district court's failure to inform him of the provisions of § 3005 creates a presumption that he was the victim of ineffective assistance of counsel in his defense, we do not agree. We have previously explained:

7

It is well established that the [S]ixth [A]mendment right to effective assistance of counsel is a fundamental constitutional right, one which may not be waived unless there is a competent and knowing waiver by the defendant. Johnson v. Zerbst, 304 U.S. 458, 58 S. Ct. 1019, 82 L.Ed. 1461 (1938). However, the right provided by section 3005 is purely a statutory right, not a fundamental constitutional right. Almost without exception, the requirement of a knowing and intelligent waiver has been applied "only to those rights which the Constitution guarantees to a criminal defendant in order to preserve a fair trial." Schneckloth v. Bustamonte, 412 U.S. 218, 237, 93 S. Ct. 2041, 2052, 36 L.E.2d 854 (1973). It is not the function of the court to advise a defendant of every statute which might have some favorable bearing upon his case. Barkan v. United States, 305 F.2d 774, 778 (7[th] Cir.), cert. denied, 371 U.S. 915, 83 S. Ct. 261, 9 L.E.2d 173 (1962). As we have indicated, . . . the right is only a statutory right and creates a presumption of ineffective assistance of counsel only when a request is made.

United States v. Blankenship, 548 F.2d 1118, 1121 (4th Cir. 1976). Because the right to additional counsel under § 3005 is solely statutory, we hold that the district court was not required to call it to the attention of Shepperson. We thus find no error, much less plain error.[2]

---

[2] At oral argument, Shepperson's counsel relied for the first time on the following language from a footnote in Williams:

[A] waiver will be presumed unless the defendant can show that there has been a request for two counsel, or an equivalent
(Continued)

8

Accordingly, we affirm the judgment of the district court as to the issue of appointment of counsel under § 3005.

B.

Shepperson alternatively contends that the district court erred by not excluding the testimony of a cooperating witness, Roddy Paredes ("Paredes"), because the Government did not furnish Shepperson with a list of witnesses three days before commencement of trial, as is required in capital cases by 18 U.S.C. § 3432. A district court's decision to admit evidence, including testimony that allegedly violates § 3432, may ordinarily be set aside only for an abuse of discretion. See United States v. Fulks, 454 F.3d 410, 421–22 (4th Cir. 2006). But here, because Shepperson did not move to exclude, or otherwise object to, Paredes's testimony on the basis of the timing of the disclosure when Paredes was called as a witness, our review is limited to plain error. See Fed. R. Crim. P.

circumstance which would clearly demonstrate that the Defendant required additional counsel.[FN4]

[FN4.] Such a circumstance may exist, for example, where the defendant has expressed dissatisfaction with his one attorney.

544 F.2d at 1219 & n.4. This language, however, is non-binding dicta, as it was unrelated to the ratio decidendi of that case, and furthermore, was not a point raised by that defendant.

9

52(b); Olano, 507 U.S. at 731-32.  However, our initial task is to determine whether the statute applies in this case.

Section 3432 provides that "[a] person charged with treason or other capital offense shall at least three entire days before commencement of trial, excluding intermediate weekends and holidays, be furnished with . . . the witnesses to be produced on the trial for proving the indictment."  18 U.S.C. § 3432.  By its plain terms, § 3432 is limited in its application to capital offenses.  See id. ("[a] person charged with treason or other capital offense" (emphasis added)).  It is undisputed that the Attorney General elected not to seek the death penalty in this case.

Our decision in Hall v. United States, 410 F.2d 653 (4th Cir. 1969) is particularly instructive.  In that case, although we observed that "[p]rovision for [the] capital list is mandatory, and failure to provide it in a capital case is ordinarily reversible error," we found that the list was not required because, inter alia, the United States Attorney had disavowed any intention of seeking the death penalty.  Hall, 410 F.2d at 660; see also Fulks, 454 F.3d at 421 (specifically applying § 3432 to a capital sentencing trial case).  Because "from the beginning the trial was understood not to present the possibility of a capital sentence," we held in Hall that the

10

Government's "failure to provide the capital list [was] not a ground for relief."  Id. at 661.

Similarly, the instant case may not be a capital case, as the Attorney General never elected to seek the death penalty. At the designated time—three days before commencement of trial—the Government was barred by law from seeking the death penalty because it had elected not to file the capital notice required by 18 U.S.C. § 3593(a).  Therefore, as in Hall, "from the beginning the trial was understood not to present the possibility of a capital sentence."  410 F.2d at 661.

Assuming that Hall is not dispositive circuit precedent of the § 3432 question,[3] Shepperson at best can point to no more than unclear precedent in this circuit.  That is insufficient to show plain error.

> When "we have yet to speak directly on a legal issue and other circuits are split, a district court does not commit plain error by following the reasoning of another

---

[3] The other circuits that have addressed this issue have uniformly determined that § 3432 is inapplicable in cases not involving the death penalty. See, e.g., United States v. Steel, 759 F.2d 706, 710 (9th Cir. 1985) ("[S]ince the statute's purpose derives from the severity of the punishment rather than from the nature of the offense, we hold that the elimination of the death penalty also eliminated the appellant's right under 18 U.S.C. § 3432 to a prosecution witness list."); United States v. Trapnell, 638 F.2d 1016, 1029–30 (7th Cir. 1980) (holding that because government did not seek death penalty, compliance with § 3432 was not required); United States v. Kaiser, 545 F.2d 467, 475 (5th Cir. 1977) (explaining that § 3432 was inapplicable because capital portion of § 1111 void).

11

circuit." United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012). We therefore conclude that the district court's error was not plain under these circumstances. See, e.g., United States v. Wynn, 684 F.3d 473, 480 (4th Cir. 2012) (holding that any error was not plain when "[o]ur [C]ourt has never addressed the [ ] argument, and the other circuits are split on the issue"); United States v. Abu Ali, 528 F.3d 210, 234 n.8 (4th Cir. 2008) (holding, in the absence of controlling precedent, that the defendant "cannot begin to demonstrate plain error given that a number of our sister circuits" have disagreed with the defendant's position).

United States v. Carthorne, 726 F.3d 503, 516–17 (4th Cir. 2013) (alterations in original). Accordingly, we find no plain error on this issue.

Moreover, we think the purpose for which the list is usually required was otherwise met. It is undisputed that Paredes was named as a potential witness on the Government's witness list—which was read aloud in open court during jury selection—and that Shepperson received the list on March 1, 2011, the first day of trial, prior to jury selection. It is equally undisputed that Paredes testified on March 4, 2011, three days later, and that defense counsel received disclosures regarding Paredes on the day before he testified. Thus, despite Shepperson's allegation that the Government withheld the identity of Paredes as a trial witness, Shepperson had express

12

notice of the possibility that Paredes could be called to testify as a witness for the Government.

Further, after the Government provided its disclosure identifying Paredes as a witness, defense counsel did not seek to exclude Paredes's testimony due to the timing of the disclosure. Nor did defense counsel request a continuance to allow more time to prepare for Paredes's testimony, including his cross-examination. "Consequently the defense was not surprised and denied an opportunity to prepare to examine [the witness] and to meet [his] testimony. As the avoidance of such surprise is the purpose of requiring the list . . . that purpose was amply met."[4]  Id. at 661 (internal citation omitted).

---

[4] Shepperson's attempt to analogize this case to Roviaro v. United States, 353 U.S. 53 (1957) is misplaced. In Roviaro, the Supreme Court addressed whether it was reversible error for the district court to allow the Government to withhold the identity of a confidential informant. 353 U.S. at 55–56. In contrast to the case at bar, the confidential informant's identity was never disclosed to the defendant in Roviaro, nor did the confidential informant testify at trial. See id. ("During the trial [the informant]'s part in the charged transaction was described by government witnesses, and counsel for petitioner, in cross-examining them, sought repeatedly to learn [the informant]'s identity. The court declined to permit this cross-examination and [the informant] was not produced, identified, or otherwise made available.").

III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.