**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4908**

UNITED STATES OF AMERICA,

                  Plaintiff – Appellee,

      v.

RICHACO FERNANDIS HOLLOWAY, a/k/a Richaco F. Holloway,

                  Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:13-cr-00540-PJM-1)

Submitted: June 30, 2015           Decided: August 12, 2015

Before MOTZ, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Marc Gregory Hall, LAW OFFICES OF MARC G. HALL, P.C., Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Adam K. Ake, Assistant United States Attorney, Gustav W. Eyler, Special Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richaco Fernandis Holloway appeals the criminal judgment entered after a jury found him guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2012). Holloway argues that the district court erred in denying his motion for acquittal because there was not substantial evidence proving that he knowingly possessed the firearm. He also challenges the district court's admission of testimony that a witness viewed a firearm that he believed to be real in the same space where the firearm at issue was found. Finding no error, we affirm.

Holloway argues that the government was unable to prove that the firearm found at the American Music Group ("AMG") studio was the same firearm that appeared in a music video depicting Holloway, a convicted felon, holding and handling a firearm. He claims that the government did not prove that his possession of the item in the music video was knowing, because the brief duration of the video was insufficient for him to determine whether the gun was real or a prop for the video.

We review the denial of a motion for acquittal de novo. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). Here, when the motion was based on a claim of insufficient evidence, the verdict of a jury must be sustained if there is substantial evidence to support the verdict, taking the view

2

most favorable to the government. Glasser v. United States, 315 U.S. 60, 80 (1942).

In this case, we conclude that the jury was entitled to find that Holloway knowingly possessed the firearm as alleged in the indictment.[1] The government introduced video evidence of Holloway handling the firearm at issue, which evidence alone was sufficient to allow a jury to find actual possession, "however briefly it occurred." United States v. Gaines, 295 F.3d 293, 300 (2d Cir. 2002). The jury compared the video to the photos of the firearm recovered during the search, and reasonably determined that Holloway knowingly had possessed the firearm.

Next, Holloway argues that the district court erred in admitting Gary Green's testimony that he "assume[d]" a gun he saw at the AMG studio was "a real gun." (J.A. 131). Holloway argues that this statement constituted lay opinion testimony

---

[1] To the extent that Holloway argued that it was not Congress's intent to criminalize his conduct of possessing a firearm as a prop in a music video, the issue raised involves a defective indictment and not sufficient evidence. A challenge to the indictment is now untimely and waived. See Fed. R. Crim. P. 12(b)(3)(B); Davis v. United States, 411 U.S. 233, 243–45 (1973); United States v. Williams, 544 F.2d 1215, 1217-18 (4th Cir. 1976). Even if we were to consider Holloway's statutory argument, it is foreclosed by our decision addressing a similar challenge. See United States v. Gilbert, 430 F.3d 215, 218-20 (4th Cir. 2005) (Section 922(g)(1) "simply does not allow for the exception that [the defendant] requests" and "so long as the[ ] three elements" of the statute are met, "the government has conclusively established culpability," irrespective of "why the defendant possessed a firearm or how long that possession lasted." Id.

3

that did not meet the requirements of Federal Rule of Evidence 701. A district court's evidentiary rulings are reviewed for abuse of discretion, which occurs when the court's "decision is guided by erroneous legal principles or rests upon a clearly erroneous factual finding."[2] United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010) (internal quotation marks omitted).

Rule 701 permits lay opinion testimony that is based on a witness's own perception, is helpful to the jury in understanding facts at issue, and is "not based on scientific, technical, or other specialized knowledge . . . ." Fed. R. Evid. 701. Generally, a lay opinion "must be based on personal knowledge," whereas an expert witness may testify based on "some specialized knowledge or skill or education that is not in possession of the jurors" as well as personal knowledge. United States v. Perkins, 470 F.3d 150, 155-56 (4th Cir. 2006). "Rule 701 forbids the admission of expert testimony dressed in lay witness clothing, but it does not interdict all inference drawing by lay witnesses." Id. at 156 (internal quotation marks omitted).

---

[2] The government argues that Holloway did not make a sufficient objection to Green's testimony. However, because there is no abuse of discretion, even assuming Holloway's objection was sufficient, we need not conduct plain error review.

Holloway argues that Green's testimony was not "rationally based on [his] perception," as required for the admission of lay opinion testimony under Rule 701. Holloway also asserts that the testimony was inconclusive, and thus unhelpful to the jury.

We disagree with Holloway's arguments. The district court did not abuse its discretion in admitting Green's testimony because Green testified to his personal observations during visits to the AMG studio, his observations were relevant to determining whether the firearm found at the AMG studio was real, and his testimony did not require specialized or technical knowledge or training. Further, this testimony was not the only evidence admitted to prove that the firearm was real.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED